**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5996-17T3

KIM GOULDING,

    Petitioner-Appellant,

v.

NJ FRIENDSHIP HOUSE, INC.,

    Respondent-Respondent.

           Argued October 16, 2019 – Decided  November 7, 2019

           Before Judges Hoffman and Currier.

           On appeal from the New Jersey Department of Labor & Workforce Development, Division of Workers' Compensation, Claim Petition No. 2018-1250.

           Richard A. Grodeck argued the cause for appellant (Piro, Zinna, Cifelli, Paris & Genitempo, attorneys; Richard A. Grodeck, on the briefs).

           James E. Santomauro argued the cause for respondent (Biancamano & DiStefano, PC, attorneys; James E. Santomauro, on the brief).

PER CURIAM

Appellant Kim Goulding appeals from the denial of her claim for workers' compensation benefits. The workers' compensation judge found appellant was engaged in a recreational or social activity when she was injured, and that her participation in the activity was not a regular incident of her employment nor did it produce a benefit to her employer. We affirm.

Respondent NJ Friendship House, Inc. is a non-profit organization that provides vocational training and clinical services to individuals "that have some developmental issues." Respondent refers to its clients as its "members."

Appellant worked for respondent as a cook/chef on an hourly basis. Her responsibilities included cooking and prepping meals for respondent's members during lunchtime and for afterschool programs. She also taught a cooking class in the afternoon. In September 2017, appellant worked Monday through Friday, from 10:00 a.m. until 3:30 p.m.

On Saturday, September 23, 2017, respondent hosted its first "Family Fun Day" event. The event, held in the rear parking lot of respondent's premises, planned to provide recreational and social services to respondent's members and their families, and included food, music, games, prizes, and other recreational activities. The day was intended as a volunteer event for "family fun"; it was not a fundraiser.

A-5996-17T3

Respondent sought volunteers from its employees to provide services at the event. The employees could work in any area of their choosing, meaning kitchen staff were not required to cook for the event. Some employees agreed to volunteer their time and others declined. None of the employees were paid for their participation. Appellant agreed to volunteer "right away" because she "wanted to . . . do something fun for the [members]."

Appellant arrived at the event before nine in the morning and began preparing for breakfast. This included brewing coffee, preparing trays of bagels, setting up tables with tablecloths, and inspecting the grill. Around noon, appellant sat underneath a tent in the parking lot to avoid the sun. After she rested, as she began to walk towards the grill to begin cooking for lunch, she stepped into a small pothole and fell, injuring her right foot and ankle.

In response to appellant's petition for workers' compensation benefits, respondent contended that appellant was not in the course of her employment at the time of her injury. Appellant moved for medical and temporary disability benefits. After a hearing, the workers' compensation judge determined in an oral decision on August 9, 2018 that appellant's "accident did not arise out of or in the course of her employment. . . ."

 A-5996-17T3

In her analysis, the compensation judge noted the two-prong test established under N.J.S.A. 34:15-7 for determining compensability for an injury sustained during a recreational or social activity. She concluded that the Fun Day was not a regular incident of appellant's employment. Appellant was not required to work at the event, rather, it was her decision to volunteer for the occasion.

Because the Fun Day was intended "to celebrate members, their families and the community," and was not a fundraiser, the judge concluded the event did not produce a benefit to respondent beyond improving employee health and morale. Because the judge found appellant was not within the course of her employment at the time of her accident, she was not eligible for workers' compensation benefits. The judge therefore dismissed appellant's petition.

Appellant argues on appeal that she was performing her usual work functions at Fun Day, not participating in a recreational or social activity. Even if the event was deemed a recreational or social activity, appellant contends she was working in her usual capacity as a cook during the Fun Day, which was a regular incident of her usual employment and it produced a benefit for respondent in the form of positive public relations.

A-5996-17T3

Our scope of review of a workers' compensation decision is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Close v. Korduak Bros., 44 N.J. 589, 599 (1965)).

We defer to the judge of compensation's factual findings and legal determinations "unless they are 'manifestly unsupported by or inconsistent with competent[,] relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)). Therefore, even where it may be inclined to do so, an appellate court "may not substitute [its] own factfinding for that of the [j]udge of [c]ompensation . . . ." Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000).

An employer must compensate an employee for accidental injuries "arising out of and in the course of employment . . . ." N.J.S.A. 34:15-7. The statute excludes, however, any injuries that arise from "recreational or social activities," unless those "recreational or social activities are a regular incident of employment and produce a benefit to the employer beyond improvement in

5

employee health and morale . . . ." Ibid. The 1979 amendment to the statute added this exclusionary language in order to "'make available additional dollars for benefits to seriously disabled workers while eliminating, clarifying or tightening awards of compensation based upon . . . disabilities not related to employment,'" including "'injuries sustained during recreational or social activities . . . .'" Sarzillo v. Turner Constr. Co., 101 N.J. 114, 119 (1985) (first quoting S. Labor, Indus., and Professions Comm. Joint Statement for S. 802 § A. 840 (Nov. 13, 1979); and then quoting Poswiatowski v. Standard Chlorine Chem. Co., 96 N.J. 321 , 331 n.2 (1984)).

An injured employee bears the burden of proving each prong. Quinones v. P.C. Richard & Son, 310 N.J. Super. 63, 70 (App. Div. 1998). A failure to satisfy either prong of this test is dispositive. Sarzillo, 101 N.J. at 122.

Initially we consider whether the judge erred in concluding appellant was engaged in a recreational or social activity at the time of her injury. We have defined recreational or social activities as "customary or planned activities occurring during the lunch hour, coffee breaks, recreational periods or outings." Quinones, 310 N.J. Super. at 69 (citing Sarzillo, 101 N.J. at 117-21).

If an employer has required or compelled participation in a recreational or social activity, however, the workers' compensation judge "should consider the

activity as [it] would any other compensable work-related assignment." <u>Lozano v. Frank DeLuca Constr.</u>, 178 N.J. 513, 533 (2004). "By contrast, recreational and social activities that the employer merely sponsors or encourages are precisely the type of activities that the Legislature intended to exclude from coverage." <u>Ibid.</u> Here, appellant admitted that she volunteered to participate at Family Fun Day, and that other employees declined to participate without suffering negative consequences. She does not argue she was compelled to attend the event.

Appellant contends, however, that she was not engaged in a recreational or social activity at the time of her injury because the "activity" she was participating in was cooking – her job. We disagree. Appellant volunteered her time to participate at an event designed by her employer to celebrate its members. The Fun Day included food, games, music and other recreational activities. Respondent's employees were not compelled to attend or help. Many declined to volunteer without ramification. We are satisfied that the Fun Day, held on a Saturday for which employees chose whether to offer their time, was a recreational or social activity.

Appellant also challenges the compensation judge's finding that Fun Day was not a regular incident of her employment. She contends the event was

designed to "serve the interests" of respondent's members and their families, and for public relations purposes, "not to improve employee health and morale."

This was the first Family Fun Day. It was held on a Saturday – outside appellant's normal working hours. Employees were not required to work at or attend the event. If an employee chose to help out, the employee could participate in any capacity. Appellant could have worked at a game, or assisted with prizes. She chose to set up tables, arrange trays and grill hot dogs. We cannot conclude the Fun Day was as customary as a lunch or coffee break. See Lozano, 178 N.J. at 525. Appellant has not met the first prong of the statutory test.

Because appellant has not met her burden, we need not address the second prong. We only note the lack of support in the record that there was any benefit to respondent in the form of positive public relations.

Given our high standard of deference, we discern no error in the compensation judge's factual findings and legal determinations. Her decision to deny benefits is supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5996-17T3